IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

SHAWN STEELE

SEALED INDICTMENT

3:24-cr-125/MCR

_____/

**THE GRAND JURY CHARGES:**

### COUNT ONE

On or about March 7, 2023, in the Northern District of Florida, the defendant,

**SHAWN STEELE,**

knowingly made a false statement to Pen Air Credit Union, a federally insured financial institution, for the purpose of influencing the action of Pen Air Credit Union in connection with a loan, that is, the defendant submitted an application for a vehicle purchase loan that contained false employment wage information.

In violation of Title 18, United States Code, Section 1014.

### COUNT TWO

On or about June 30, 2023, in the Northern District of Florida, the defendant,

**SHAWN STEELE,**

Returned in open court pursuant to Rule 6(f)

Date 12/17/24

United States Magistrate Judge

FILED USDC FLND PN
DEC 17 '24 PM 3:25

knowingly made a false statement to Central Credit Union of Florida, a/k/a Loyalty Credit Union, a federally insured financial institution, for the purpose of influencing the action of Central Credit Union of Florida in connection with a loan, that is, the defendant submitted an application for a loan that contained false employment income and collateral information.

In violation of Title 18, United States Code, Section 1014.

### COUNT THREE

On or about June 30, 2023, in the Northern District of Florida, the defendant,

### SHAWN STEELE,

knowingly made a false statement to Pen Air Credit Union, a federally insured financial institution, for the purpose of influencing the action of Pen Air Credit Union in connection with a loan, that is, the defendant submitted an application for a boat purchase loan that contained false employment wage information.

In violation of Title 18, United States Code, Section 1014.

### CRIMINAL FORFEITURE

The allegations contained in Counts One through Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(2)(A).

From his engagement in the violations alleged in Counts One through Three of this Indictment, the defendant,

## SHAWN STEELE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all of the defendant's right, title, and interest in any property, real and personal, constituting, and derived from proceeds traceable to such offenses.

If any of the property described above as being subject to forfeiture, as a result of acts or omissions of the defendant:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred, sold to, or deposited with a third party;

    iii.    has been placed beyond the jurisdiction of this Court;

    iv.    has been substantially diminished in value; or

    v.    has been commingled with other property that cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek

forfeiture of any other property of the defendant up to the value of the forfeitable property.

A TRUE BILL:

███████████

FOREPERSON

DATE 12/17/24

JASON R. COODY
United States Attorney

JEFFREY M. THARP
Assistant United States Attorney